UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNY GRAVES,

                              Plaintiff,

        v.

OMNIPOINT MANAGEMENT SOLUTIONS LLC,
DNF ASSOCIATES LLC,
and JOHN DOES 1-25,

                              Defendants.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED:  _11/17/2021_

20 CV 4579 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

        Kenny Graves ("Plaintiff") brings this action against Omnipoint Management Solutions

LLC ("Omnipoint"), DNF Associates LLC ("DNF" together, the "Defendants"), and John Does

1-25, alleging that Omnipoint sent him a letter in violation of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

        Presently before the Court is Defendants' motion to dismiss the Complaint.  (ECF No. 12.)

For the following reasons, the motion is GRANTED.

## BACKGROUND

        The following facts are taken from Plaintiff's Complaint and the debt collection letter

attached thereto, (ECF No. 1), and are accepted as true for purposes of this motion.

        Plaintiff incurred a debt owed to Kay Jewelers.  (Compl. ¶¶ 24-26.)  Kay Jewelers sold the

debt to DNF, a debt collector.  (*Id*. ¶ 28.)  DNF contracted with Omnipoint to collect Plaintiff's

debt.  (*Id*.)  On or about May 15, 2020, Omnipoint sent Plaintiff a collection letter (the "Letter")

regarding the debt.  (*Id*. ¶ 30.)  The Letter offered Plaintiff a discounted settlement option if

payment was made by June 15, 2020, approximately 30 days after the Letter was sent.  (*Id.* ¶ 31.)

Specifically, the Letter states:

> [w]e have been authorized to resolve the outstanding balance for $2,749.00.  Upon clearance of funds your account will be updated as paid in full.  This offer will expire on 6/15/2020 and we are not obligated to renew this offer.  Please be advised that this settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of the debt as set forth below. If you do not accept this settlement offer, you are not giving up any of your rights regarding the debt.

(*Id.* Ex. A.)  The Letter also provides a phone number for Omnipoint's office.  (*Id.*)

Plaintiff filed the instant action on June 15, 2020 alleging violations of the FDCPA.  (*See id.*)  On December 3, 2020, Defendants filed a motion to dismiss the Complaint (ECF No. 12), and Plaintiff filed a brief in opposition, (ECF No. 14.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555).  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  A

motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### DISCUSSION

In his Complaint, Plaintiff alleges that the Defendants violated sections 1692e, 1692f, and 1692g of the FDCPA. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To achieve this, the FDCPA imposes, "among other things, certain notice and timing requirements on efforts by 'debt collectors' to recover outstanding obligations." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 58 (2d Cir. 2004). Pursuant to Section 1692k of the FDCPA, "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k.

To state a claim under the FDCPA, a plaintiff must demonstrate that: (1) the plaintiff is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a debt collector as defined in the statute; and (3) the defendant has engaged in an act or omission in violation of the FDCPA. *Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 WL 1134723, at *3 (E.D.N.Y. Mar. 24, 2017). In evaluating potential violations of the FDCPA, courts must apply an objective standard based on whether the "least sophisticated consumer" would be deceived by the collection practice. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The basic purpose of the "least sophisticated consumer" standard is to "protect[] all consumers, the gullible as well as the shrewd." *Id*.

Defendants contend that Plaintiff fails to plausibly allege the final element as (i) "the FDCPA was not passed to overburden debt collectors to cater to bizarre or idiosyncratic interpretations," (ii) the Letter does not overshadow Plaintiff's rights under Section 1692g, and (iii) the Letter does not violate Sections 1692e or 1692f.  (Defendants Omnipoint Management Solutions LLC's and DNF Associates LLC's Memorandum of Law in Support of their Motion to Dismiss ("Defs.' Mem.") ECF No. 13 at 3-9.)  The Court will address each of Plaintiff's causes of action separately below.

## I.      Section 1692g

Section 1692g requires a debt collector to provide debtors with written notice of their validation rights.   15 U.S.C. § 1692g.   However, the obligation is not simply to convey the validation rights, but rather to convey them clearly.  *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 90 (2d Cir. 2008) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996)).   A debt collection notice that overshadows or contradicts the validation notice violates Section 1692g. *Savino v. Computer Credit,* 164 F.3d 81, 85 (2d Cir. 1998).  A debt collection letter is considered overshadowing or contradictory "if it would make the least sophisticated consumer uncertain as to her rights."  *Russell*, 74 F.3d at 35.   A complaint alleging a violation of Section 1692g for being overshadowing or contradictory "may survive a motion to dismiss if (1) the plaintiff pleads a contradiction between the demand language and the validation language and (2) it is possible that the plaintiff could prove that the contradiction would mislead the least sophisticated consumer into disregarding his or her rights under the validation notice." *Harrison v. NBD, Inc*., 968 F. Supp. 837, 846 (E.D.N.Y. 1997).

Here, Plaintiff alleges the Letter violated the statute "by unfairly offering a settlement plan to Plaintiff which was available for only approximately thirty (30) days during the thirty day

validation and dispute period provided by the FDCPA," and "[t]he settlement offer which required the consumer to accept approximateky [sic] when the 30 day dispute period expired overshadowed Plaintiff's right to dispute the debt during the entire 30 day window."  (Compl. ¶¶ 52-53.)

As Defendants aver, (Defs.' Mem. at 4-7), courts within this Circuit have consistently held that offers to settle a debt do not violate Section 1692g.  *See Santora v. Capio Partners, LLC*, 409 F. Supp. 3d 106, 109 (E.D.N.Y. 2017) ("Courts in this district have repeatedly held that a settlement offer contained in a debt collector's initial communication with a debtor does not, by itself, overshadow or contradict a validation notice in the same communication."); *Soffer v. Nationwide Recovery Sys., Inc*., No. 06-CV-435 (SLT)(CLP), 2007 WL 1175073, at *4 (E.D.N.Y. Apr. 19, 2007) ("No less than three courts in this Circuit . . . [have held] as a matter of law, that a settlement offer contained in a debt collector's initial communication with a debtor does not overshadow or contradict a validation notice contained in that same communication."); *Omogbeme v. Risk Mgmt. Alternatives, Inc*., No. 01 CV 7293(SJ), 2003 WL 21909773, at *3 (E.D.N.Y. Aug. 4, 2003) (holding a letter that contained a settlement offer and the required validation notice on the back could not be "construed by this Court, even if viewed through the 'least sophisticated consumer' lens required by Second Circuit caselaw, to be a demand of payment").  This is true even where the validation offer expires before the required Section 1692g thirty day validation period.  *See, e.g., Harrison*, 968 F. Supp. at 840 ("The fact that the discount offer expires before the thirty day validation period does not provide evidence of overshadowing.  If a debtor chooses to reject the discount offer, at worst, she or he would be liable for the original amount of the debt.").

Most relevant is *Santora*, which involved a debt collection letter that offered a fifteen-day settlement offer and the language "[t]his settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30

5

days following your receipt of this letter," and "[i]f you do not accept this settlement offer, you are not giving up any of your rights regarding this debt." 409 F. Supp. 3d at 107–08.  The plaintiff argued this offer was deceptive and overshadowed the validation notice contained on the back of the letter.  *Id*.  The court acknowledged that relevant precedent allows a settlement offer to be contained in a debt collection letter that also contains a validation notice.  *Id*. at 109.  After a review of the full text of the letter, the Court held that "the least sophisticated consumer would not read the settlement offer and validation language so carelessly or idiosyncratically as to be misled into disregarding her validation rights . . . Plaintiff was fully informed of her validation rights, and nothing on the face of the letter should be deemed contradictory or misleading."  *Id*.

Similarly, here, Plaintiff received the Letter which contained a thirty day settlement offer, the Section 1692g notice, and language informing him that the offer did not affect his right to dispute the debt or the notice.  Nothing within this Letter could be considered, even to the least sophisticated consumer, overshadowing or contradictory.

Plaintiff attempts to distinguish this case and others by arguing they (i) "assume the existence of a valid debt," (ii) "divorce the cause-and-effect created by the presence of the settlement language," and (iii) "reason that a finding in favor of plaintiffs would create a *per se* bar against settlement offers during the 30-day validation period, and have warned that this would have a chilling effect on debt collectors who would, it is theorized, be reluctant to make such offers in the future."  (Plaintiff's Memorandum of Law in Support of its Opposition to Defendants Omnipoint Management Solutions, LLC and DNF [Associates] LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Pl.'s Opp.") ECF No.14 at 15-17.)  This Court does not find these arguments to be persuasive.

First, the cited cases do not assume the debt is valid.  In fact, they all discuss debt collection letters that contain the required validation notice, which provides consumers with the required 30 days to dispute the validity of the debt.  *See Santora*, 409 F. Supp. 3d at 108 (discussing letter that contained language stating "[t]his settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described on the reverse side"); *Soffer*, 2007 WL 1175073, at *1 ("Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."); *Omogbeme*, 2003 WL 21909773, at *1 n.2 ("Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid."); *Harrison*, 968 F. Supp. at 846 ("Unless you notify this office within 30 days after receiving this Notice that you dispute the validity of the debt or a portion thereof, this office will assume this debt is valid.").

Plaintiff specifically takes issue with the language in *Harrison* that states "[i]f a debtor chooses to reject the discount offer, at worst, she or he would be liable for the original amount of the debt."  968 F. Supp. at 848.  However, this does not show the court making a "fatal defect in reasoning," as Plaintiff argues, instead the court was demonstrating that the consumer faces payment of his or her original debt "*at worst*."  *Id*.  Here, the explicit text of the validation notice contained in the Letter provides Plaintiff with these same thirty days, and states that it is only after these thirty days that Omnipoint will consider the debt valid.  (*Id*. Ex. A.)  Nothing in the Letter plausibly contradicts this.

Second, Plaintiff cites *Gervais v. Riddle & Associates, P.C.*, 479 F. Supp. 2d 270, 278–79 (D. Conn. 2007), arguing that the court in this case (i) considered the validation notice and

settlement offer separately and (ii) reasoned that a finding in the plaintiff's favor would create a bar against settlement offers in the 30-day validation period.  (Pl.'s Opp. at 17.)  However, the *Gervais* Court did consider both provisions together, holding that they were "distinguishable" and therefore the settlement did not overshadow or contradict the notice.  479 F. Supp. 2d at 278. Further, if the least sophisticated consumer is provided both a settlement offer and the validation notice, he or she is presented with several choices, not a "stark choice" that would cause him or her to "overlook [the] validation rights."  (Pl.'s Opp. at 17.)  Instead, the consumer very clearly has at least two options, either to pay the settlement, or challenge the debt by contacting the debt collector.  These choices do not violate Section 1692g of the FDCPA.  Additionally, a finding that providing a settlement offer with the validation notice violates the FDCPA would dissuade debt collectors from providing discounted settlements, which would be against the consumer's interests. While settlement offers are often made multiple times, nothing within the statute bars the first offer being made with the required notice.

Plaintiff also avers that "courts have routinely held that letters making payment demands within the 30-day debt validation period overshadow the validation notice."  (Pl.'s Opp. at 9.) However, the cases Plaintiff cites to are either from outside the Second Circuit or discuss debt collection letters that contain a demand for action and threat of negative consequences.  *See, e.g., Savino v. Comput. Credit*, 164 F.3d 81, 84; 86 (2d Cir. 1998) (holding a debt collection letter that stated "[t]he hospital insists on immediate payment or a valid reason for your failure to make payment" with the validation notice on the back violated Section 1692g due to "its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1962g to seek validation of the debt").  Here, there is no "demand for action" or "threat of negative consequence" within the Letter.  Instead, Plaintiff was provided with an

additional option, to settle his alleged debt, and the Letter clarified that the settlement offer did not affect his rights under the FDCPA.

Therefore, Plaintiff's third cause of action pursuant to Section 1629g is dismissed.

## II.    Sections 1692e and 1692f

Plaintiff also brings causes of action under Section 1692e and 1692f of the FDCPA. Section 1692e, entitled "[f]alse or misleading representations," prohibits a debt collector from the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 115 U.S.C. § 1692e. Section 1692e specifies certain categories of conduct that are prohibited, including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id*. § 1692e(10). Applying the "least sophisticated consumer" standard, a collection notice can be deceptive if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc*., 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319). "[N]ot every technically false representation by a debt collector amounts to a violation of the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C*., 897 F.3d 75, 85 (2d Cir. 2018). For the alleged false representation to violate the FDCPA, the statement must be material such that it would "frustrate a consumer's ability to intelligently choose his or her response." *Id.* at 87 (citing *Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1034 (9th Cir. 2010)).

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt any debt," and lists specific conduct that would fall under the provision. 115 U.S.C. § 1692f. "Unconscionable" means "shockingly unjust or unfair" or "affronting the sense of justice, decency, or reasonableness." *Gallego v. Northland Group, Inc*., 814 F.3d 123, 127–28 (2d Cir. 2016).

9

Here, Plaintiff is alleging that the Letter violated Sections 1692e and 1692f "for the same reasons" as his Section 1692g claim. (Pl.'s Opp. at 12.) Specifically, he is alleging Defendants violated Section 1692e by "[m]aking a false and misleading representation in violation of §1692e(10)," by "misleadingly induc[ing Plaintiff] to overlook his statutory validation rights and pay off the settlement of the debt," (Compl. ¶ 42; Pl.'s Opp. at 12), and Section 1692f by "unfairly offering a settlement plan to Plaintiff which was only available for a period of time which was approximately the thirty day validation and dispute period provided to consumers under the FDCPA," (Compl. ¶ 47.) Defendants aver that the Letter complies with Section 1692e and 1692f as courts have declined to interpret the FDCPA to limit settlement offers simultaneously made with the required validation notice under Section 1692g, and Plaintiff's Complaint fails to provide any facts or conduct separate from his Section 1692g claim. (Defs.' Mem. at 7-9.)

"The standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g." *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (citing *Russell*, 74 F.3d at 35). Further, a claim under Section 1692f must be based on "misconduct beyond that which Plaintiff[] assert[s] violate other provisions of the FDCPA." *Id*. Therefore, for substantially the same reasons as outlined above, the Court holds that the Letter does not plausibly contain false or misleading representations within the meaning of the FDCPA, nor does it contain unfair or unconscionable means to collect the debt. Plaintiff's first two causes of action are also dismissed.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss the Complaint is GRANTED.  The Clerk

of Court is respectfully directed to terminate the motion at ECF No. 12 and to terminate the action.


Dated: November 17, 2021                               SO ORDERED:
White Plains, New York

_____
          NELSON S. ROMÁN
     United States District Judge

11